Diana ABELYAN; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71201.

Agency Nos. A75–643–940, A75–643–941, A75–643–942, A75–643–943.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monica Mansouri, Mansouri and Sheeno, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, San Francisco, CA, Earle B. Wilson, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM**

Diana Abelyan, the lead petitioner, and her husband, Edik Mirzakhanyan, natives of Iran and citizens of Armenia, and their two children, Arpine and Edvin Mirzakhanyan, natives and citizens of Armenia, petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

■■■ The evidence does not compel the conclusion that Abelyan established either past persecution or a well-founded fear of future persecution based on her religion. *See Hohxa v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). The minor abuse Abelyan suffered while in police custody does not rise to the level of past persecution. *See Gormely v. Ashcroft*, 364 F.3d at 1177. Further, Abelyan's claimed fear of future persecution is undermined by current country condition reports stating that since Abelyan's departure, the Pentecostal faith has become legally registered in Armenia and the Armenian government "has taken a hands-off attitude towards [Pentecostals]." In addition, Abelyan's own pastor in the United States testified that none of the Pentecostal pastors he knows in Armenia have experienced any problems since the church registered with the government.

The record evidence also does not show that "there is a pattern or practice ... of persecution of groups of persons similarly situated" so "that [her] fear of persecution

upon return is reasonable." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999); 8 C.F.R. § 208.13(b)(2)(iii)(A). Consequently, substantial evidence supports the IJ's denial of asylum.

Because Abelyan failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Abelyan also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if returned to Armenia. *See* 8 C.F.R. § 208.16(c)(2); *Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

Abelyan's due process challenge to the BIA's summary affirmance of the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

All outstanding motions are denied.

**PETITION FOR REVIEW DENIED.**